# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY A. WILSON, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:08-2219 |
| v. | : | (CONNER, D.J.) |
| | | (MANNION, M.J.) |
| MARK S. DOWS, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

By way of relevant background, on December 11, 2008, the plaintiff filed the instant *pro se* civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). By order dated December 15, 2008, the plaintiff was granted permission to proceed *in forma pauperis*, and it was directed that process issue. (Doc. No. 5). On January 9, 2009, the matter was referred to the undersigned for consideration of all pre-trial matters. (Doc. No. 12).

Upon review, it is recommended that the instant action be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction. Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The court may raise the issue of subject-matter jurisdiction *sua sponte*. See Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77 (3d Cir. 2003).

Generally, the plaintiff alleges in his complaint that he has taken and received a passing score on the Pennsylvania bar examination, but has been denied admission to the Bar of the Supreme Court of Pennsylvania pursuant

to Rule 213(a)[1] of the Pennsylvania Bar Admission Rules. The plaintiff purports to generally challenge the constitutionality of Rule 213(a), and claims that the denial of his admission to the Bar pursuant to Rule 213(a) was in

---

[1]Rule 213 of the Pennsylvania Bar Association Rules provides as follows:

**(a) General Rule.** If, upon an initial review of an application filed under these rules and of any other related information available to the Board, the Board, through the Executive Director, finds that the applicant does not appear to possess the fitness and general qualifications (other than scholastic) requisite for a member of the bar of the Commonwealth, the Executive Director shall forthwith give the applicant notice of such finding in the manner prescribed by Board rule, and of the right of the applicant to request in writing, within thirty (30) days of the denial, a hearing before the Board.

**(b) Hearing.** Within 30 days after receipt of the request of an applicant for a hearing under this Rule the Board shall hold a hearing at which the applicant shall be present. The applicant may be represented by counsel at the hearing. The Board shall not be bound by the formal rules of evidence and such relevant evidence may be introduced at the hearing as may be necessary for the Board to make a final determination upon the application. The burden of proof shall be on the applicant to establish that he or she possesses the character, fitness and general qualifications that are compatible with the standards expected to be observed by a member of the Bar of this Commonwealth. The applicant may call and examine witnesses, cross-examine adverse witnesses and present such evidence as is relevant to the issue before the Board. At any such hearing the applicant and his or her counsel shall be permitted to inspect such portion of the record of the applicant bearing upon the issues before the Board as does not constitute confidential information. A stenographic or other verbatim record shall be made of any such hearing, but hearings before the Board shall not be open to the public. The Board shall have the power to issue subpoenas for the attendance of witnesses and for the production of documentary evidence at the hearing.

2

violation of his equal protection and due process rights. The plaintiff is seeking reasonable costs and attorneys fees, as well as prospective declaratory and injunctive relief.

Specifically, the plaintiff's complaint spans some thirty pages and consists of 178 numbered paragraphs, excluding the paragraphs setting forth his requests for relief. A vast majority of the factual allegations set forth in the complaint relate to the circumstances surrounding the denial of his applications for admission to the State of Florida bar[2], (Doc. No. 1, pp. 3-11, ¶¶10-69), and the State of Connecticut bar, (Id., at pp. 11-12, ¶¶70-83), which the plaintiff alleges were improperly considered in denying him admission to the Pennsylvania bar.

Concerning the denial of his admission to the Pennsylvania bar, which is the basis of the instant action, the plaintiff alleges that he took and passed the July 2008 State of Pennsylvania bar examination. (Doc. No. 1, ¶1). On December 4, 2008, the plaintiff alleges that the Pennsylvania Board of Law Examiners, ("the Board"), through defendant Dows, notified him that his admission to the Pennsylvania Bar was denied pursuant to Pa.B.A.R. 213(a). (Id. at ¶2). The plaintiff alleges that the denial letter stated that the Board reserved the right to review all information relevant to the requirements of admission to the Bar of the Commonwealth of Pennsylvania, but did not include any charges that he violated any rule of the Board. (Id. at ¶¶ 3-4).

---

[2]It appears from the plaintiff's complaint that he filed two applications for admission to the State of Florida bar.

3

On December 11, 2008, one week after receiving the denial letter, the plaintiff filed the instant complaint against defendant Dows, the Executive Director of the Board[3]/[4]. In the only count listed in his complaint, the plaintiff alleges that he is bringing a general challenge to the constitutionality of Pa.B.A.R. 213(a), which he claims ". . . authorizes the Pennsylvania Board of Law Examiners to disregard 1) the federal doctrine of res judicata, 2) the federal common law (in conjunction with the Supremacy Clause) that gives federal decisions the same full faith and credit that federal courts give state court judgments, and 3) rights protected by the First Amendment of the United States Constitution[5]." (Doc. No. 1, ¶13). Specifically, the plaintiff alleges that

---

[3]The plaintiff does not indicate in his complaint whether he attempted to follow the procedures outlined in Pa.B.A.R. 213 for requesting a hearing to obtain review of the denial prior to bringing the instant action. To the extent that he has requested a hearing and that request is still pending, or that he has not requested a hearing but would still be permitted to do so, his action would be barred by Younger v. Harris, 401 U.S. 37 (1971), which holds that federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to ongoing state civil proceedings. See Kastner v. Texas Bd. of Law Examiners, 278 Fed.Appx. 346, 349 (5th Cir. 2008).

[4]The plaintiff also does not indicate whether the instant action is being brought against defendant Dows in his individual capacity, official capacity, or both.

[5]The court notes that these are the same claims which the plaintiff raised in a lawsuit against the Executive Director of the Florida Board of Bar Examiners and Assistant Attorney General of Florida when he was denied admission to the State of Florida bar. (See Wilson v. Gavagni, et al., Civil Action No. 4:08-0361, United States District Court for the Northern District of Florida, Tallahassee Division). By report dated January 13, 2009, it was recommended that the Florida action be dismissed, in part, pursuant to the Rooker-Feldman doctrine. As of the
(continued...)

4

the Pennsylvania Board of Law Examiners improperly relied upon information presented in his admissions proceedings to the bars for the State of Florida and the State of Connecticut, and related lawsuits. The plaintiff alleges that the Florida and Connecticut proceedings also violated his First Amendment rights, the federal doctrine of res judicata and/or the doctrine of collateral estoppel, and the federal common law, making the Pennsylvania Board's reliance on them improper. (Doc. No. 1, ¶178).

Although the plaintiff alleges that he is not challenging the denial of his application for admission, but is raising a general challenge to the constitutionality of Rule 213(a), (Doc. No. 1, ¶84), on several occasions throughout his statement of claim, he indicates that he is "seek[ing] to vindicate his rights," (Doc. No. 1, ¶¶85-87), refers to the "injury to [himself]," (Doc. No. 1, ¶¶99-101), alleges that "[he] [has been] exposed to hardship," (Doc. No. 1, ¶104), and alleges that defendant Dows ". . . has violated [his] due process rights," (Doc. No. 1, ¶¶109-113). The plaintiff further alleges that it is likely that he will be denied future admission to the Pennsylvania bar ". . . because of the same protected First Amendment activities . . .," (Doc. No. 1, ¶102). The plaintiff alleges that there is ". . . not an adequate opportunity in the bar admission process in the State of Pennsylvania to raise federal constitutional challenges." (Doc. No. 1, ¶107).

While containing what could be construed to be general claims of relief,

---

⁵(...continued)
date of this report, the District Court Judge assigned to the matter has yet to rule on the report and recommendation.

5

the plaintiff's complaint further contains several specific claims for relief including that: (1) the court issue a declaratory judgment that defendant Dows denied violated the plaintiff's due process and equal protection rights; (2) the court issue a declaratory judgment and injunctive relief which prohibits defendant Dows from using the plaintiff's First Amendment activities as a basis to deny any future bar application by him; (3) that the court issue a declaratory judgment that the plaintiff's First and Fourteenth Amendment rights have been violated in relation to the denial of his bar application; and (4) that the court enjoin defendant Dows from denying him a license to practice law without consideration of constitutional procedural safeguards concerning his constitutionally protected activities. (Doc. No. 1, Relief Requested, ¶¶B, D, E, L, O).

Pursuant to the Rooker-Feldman[6] doctrine, this court does not have subject-matter jurisdiction over the plaintiff's claim.

> Section 1257 of Title 28 of the United States Code confers on the United States Supreme Court appellate jurisdiction to review final judgments of the states' highest courts. The Rooker-Feldman doctrine is the doctrine that, by negative implication, inferior federal courts lack subject matter jurisdiction to review final judgments of the states' highest courts. E.B. v. Verniero, 119 F.3d 1077, 1090 (3d Cir. 1997). The Rooker-Feldman doctrine has been interpreted to also apply to final decisions of lower state courts. Id. "Under the Rooker-Feldman doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006).

---

[6]The Rooker-Feldman doctrine embodies the principles set forth in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

> "[A]pplication of the Rooker-Feldman doctrine is necessarily limited to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Id. (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

Donaven v. Keuerleber, 2009 WL 761195, *3 (M.D.Pa. 2009)(Conner, J.). A state bar's denial of admission is a state judicial act over which a federal court has no jurisdiction. See Feldman, 460 U.S. at 482-83.

In the instant action, the plaintiff brought this lawsuit after being denied admission to the Pennsylvania bar and, as such, is properly considered a "state-court loser," for purposes of the Rooker-Feldman doctrine.

Although the plaintiff claims that he is doing so, he is not simply challenging the constitutionality of the general application of Rule 213(a). He is, in essence, challenging the decision to deny him admission to the Pennsylvania bar. That he is doing so is clear from the fact that, other than generally referring to the Rule, he never quotes the rule or sufficiently articulates why the Rule is unconstitutional in its general application. Rather, a vast majority of the plaintiff's allegations relate to the denial of his application for admission, but do not relate to the Rule itself. The plaintiff repeatedly alleges that the Board failed to give Full Faith and Credit to rulings issued in his cases in Florida and Connecticut, that the rulings were res judicata, and that defendant Dows should have been collaterally estopped from presenting the same behavior at issue in his other cases to deny him admission to the Pennsylvania bar. This is insufficient, however, to challenge

7

a rule of general application. Instead, the plaintiff's allegations directly challenge the decision to deny him admission to the Pennsylvania bar.

Moreover, the plaintiff's allegations reflect that his injuries did not arise until the actions of the Board in denying him admission, making his claims "inextricably intertwined" with the decision to deny him admission. A federal claim is "inextricably intertwined" with an issue adjudicated by state court, such that the Rooker-Feldman doctrine applies to prevent lower federal court from adjudicating that claim, where: (1) the federal court must determine that state court judgment was erroneously entered in order to grant the requested relief; or (2) the federal court must take action that would negate state court's judgment. In re Knapper, 407 F.3d 573 (3d Cir. 2005). The plaintiff's claims are inextricably intertwined in the instant action because the plaintiff cannot succeed on his claims without a finding by this court that his application for admission was wrongly decided.

In light of the fact that the plaintiff is: (1) a "state court loser"; (2) complaining of injuries caused by his denial of admission; (3) rendered before the instant proceedings were initiated; (4) which this court would necessarily have to review and reject in order to grant the plaintiff relief, the court lacks subject-matter jurisdiction over the plaintiff's claim, as it is barred by the Rooker-Feldman doctrine. As such, the instant action should be dismissed pursuant to Fed.R.Civ.P. 12(h)(3).

As a final matter, the court notes that, since the filing of the instant action, the following motions have been filed by the parties: (1) the plaintiff's

8

motion for injunctive relief, (Doc. No. 8); (2) the plaintiff's motion to compel discovery, (Doc. No. 29); (3) a motion to quash filed by Glen A. Bassett, a non-party, (Doc. No. 33); and (4) the defendant's motion for judgment on the pleadings, (Doc. No. 34).

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the plaintiff's complaint, **(Doc. No. 1)**, be **DISMISSED** pursuant to Fed.R.Civ.P. 12(h)(3)[7]; and

**(2)** the motions presently pending before the court, **(Doc. Nos. 8, 29, 33, 34)**, be **DISMISSED AS MOOT**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** June 8, 2009
O:\shared\REPORTS\2008 Reports\08-2219-01.wpd

---

[7]For the convenience of the reader of this report and recommendation in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

9