# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TONY A. WILSON,** | : | CIVIL ACTION NO. 1:08-CV-2219 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **MARK S. DOWS,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 30th day of September, 2009, upon consideration of the report of the magistrate judge (Doc. 43), to which plaintiff filed objections (Doc. 45), and which recommends that the above-captioned case be dismissed in its entirety for lack of subject matter jurisdiction,[1] see FED. R. CIV. P. 12(h)(3), and, following an independent review of the record, it appearing that plaintiff's complaint is largely focused upon the alleged harm he suffered as a result of prior state-court judicial proceedings,[2] that plaintiff's personal-injury claims are barred on jurisdictional grounds pursuant to Federal Rule of Civil Procedure 12(h)(3) and the Rooker-

---

[1] Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." See FED. R. CIV. P. 12(h)(3). Moreover, if subject matter jurisdiction is in doubt, a district court may raise the issue *sua sponte*. See Donaven v. IB Prop. Holdings, LLC, No. 4:08-CV-1289, 2008 WL 3200834, at *2 (M.D. Pa. Aug. 7, 2008); see also Nesbit v. Gears Unlimited, 347 F.3d 72, 77 (3d Cir. 2003) ("[I]t is incumbent upon federal courts to ensure that subject-matter jurisdiction exists if such is in question.").

[2] The majority of plaintiff's complaint centers upon his denial of admission to the Pennsylvania state bar, and the personal injury purportedly suffered therefrom. (See Doc. 1.)

Feldman Doctrine,[3] and that to the extent plaintiff asserts a general constitutional challenge to Pa. B.A.R. 213(a) of the Pennsylvania Bar Admission Rules, his claim is inextricably intertwined with the above-referenced prior state-court judicial proceeding,[4] it is hereby ORDERED that:

---

[3] The Rooker-Feldman Doctrine prohibits district courts from reviewing state court judgments. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); see also 28 U.S.C. § 1257. The rationale behind the doctrine is that federal courts possess limited jurisdiction, and Congress has not granted them power to sit as appellate tribunals overseeing state court judgments. See Donaven, 2008 WL 3200834, at *2. Accordingly, the Rooker-Feldman Doctrine bars federal court review of a state bar's decision to deny an application for admission. Such denials are inherently judicial in nature and, therefore, a district court lacks subject matter jurisdiction to review them. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); see also Feldman, 460 U.S. at 486; Pawlak v. Pa. Bd. of Law Exam'rs, Civ. A. Nos. 93-1998, 93-2724, 1995 WL 517646, at *7 (E.D. Pa. Aug. 30, 1995).

[4] "The Rooker-Feldman Doctrine prevents the district court from exercising subject matter jurisdiction over challenges to state court judicial decisions in particular cases and general challenges which are inextricably intertwined with the merits of those decisions. General constitutional challenges which are not inextricably intertwined with the merits of a state court judicial decision in a particular case are not precluded by Rooker-Feldman." See Pawlak, 1995 WL 517646, at *10; see also Centifanti v. Nix, 865 F.2d 1422, 1427 (3d Cir. 1989) (explaining that federal courts "have subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case" (quoting Feldman, 460 U.S. at 486)). In the instant matter, the magistrate judge found that plaintiff's challenge to Pa. B.A.R. 213(a) is inextricably intertwined with his general constitutional claim. (See Doc. 43 at 7-9.) The court finds this reasoning persuasive, and adopts it for the reasons expressed in the magistrate judge's report.
     In addition, the court notes that plaintiff applied to, and was rejected from, the Florida bar. He thereafter filed a federal complaint in the Northern District of Florida, which the Florida district court dismissed for lack of subject matter jurisdiction. See Wilson v. Gavagni, No. 4:08cv361-SPM/WCS, 2009 WL 3055348 (N.D. Fla. Sept. 21, 2009); (see also Doc. 43 at 4 n.5 (discussing Florida litigation)). The court in Florida held that "Plaintiff's claims are inextricably intertwined with the Florida Supreme Court's decision to deny Plaintiff admission to the bar," and that "Plaintiff had a reasonable opportunity to raise his claims in the bar proceedings." Wilson, 2009 WL 3055348, at *1. In a similar fashion, plaintiff had the opportunity to appeal his denial of admission to the Pennsylvania bar to the appropriate state appellate tribunal. Any judicial relief remaining exists exclusively in the appellate courts of the state.

1. The report and recommendation of the magistrate judge (Doc. 34) is ADOPTED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED pursuant to FED R. CIV. P. 12(h)(3). Leave to amend is denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).[5]

3. The Clerk of Court is instructed to CLOSE this case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[5] There are several procedural and discovery motions pending in this matter. (See Docs. 8, 29, 33, 34.) Because the court lacks subject matter jurisdiction to entertain this suit, all of these motions are denied as moot.