**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TONY A. WILSON,** | : | **CIVIL ACTION NO. 1:08-CV-2219** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **MARK S. DOWS,** | : | |
| | : | |
| **Defendant** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is a motion (Doc. 52) for relief from a final

judgment, filed *pro se* by plaintiff Tony A. Wilson ("Wilson"), pursuant to Rule 60 of

the Federal Rules of Civil Procedure.  The court concludes that abstention under

<u>Younger</u> is appropriate in the instant case, and therefore, the pending motion (Doc.

52) will be denied.

**I.     <u>Procedural History</u>**

Wilson initiated the above-captioned civil case by filing a complaint under

28 U.S.C. § 1331, 28 U.S.C. § 1346 and 42 U.S.C. § 1983.  The court dismissed his

complaint pursuant to Rule 12(h)(3) and the <u>Rooker-Feldman</u> doctrine. (<u>see</u> Doc.

46).  The Third Circuit applied different reasoning—specifically, it relied on the

<u>Younger</u> abstention doctrine—but ultimately affirmed this court's judgment.  (<u>See</u>

Doc. 51-3); <u>Wilson v. Dows</u>, 390 F. App'x 174 (3d Cir. 2010).  Wilson now seeks relief

from said judgment.  He invokes Rule 60(b)(6) and Rule 60(d)(1) of the Federal

Rules of Civil Procedure.

II.   **Legal Standard**

Under Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" for certain enumerated reasons, or, under Rule 60(b)(6), "any other reason that justifies relief." FED. R. CIV. P. 60(b).  Rule 60(d) clarifies that the court retains "other powers to grant relief."  Hence, the provisions of Rule 60 do not "limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order or proceeding[.]" FED. R. CIV. P. 60(d)(1).

III.   **Discussion**

The court notes at the outset that Wilson's reliance on Rule 60(d)(1) is misplaced, because Wilson is not bringing "an independent action" for relief from judgment.  The court will therefore construe the pending motion as a motion invoking only Rule 60(b)(6).

Wilson sets forth two reasons for the court to grant the relief he seeks.  First, he argues that "significant changes in law"—specifically, the Supreme Court's holding in <u>Skinner v. Switzer</u>, --- U.S. ---, 131 S. Ct. 1289 (2011)—have "now made clear" that his underlying claims "are cognizable under 42 U.S.C. § 1983."  (Doc. 52 at 1-2).  Second, he argues that the <u>Rooker-Feldman</u> doctrine does not apply to his case.  (<u>Id.</u> at 3-4, 7, 9).  The court will address the latter of these issues first.

When Wilson appealed the instant case to the Third Circuit, the Third Circuit agreed with his position that the <u>Rooker-Feldman</u> doctrine is inapplicable; however, it affirmed this court's judgment on other grounds.  <u>See</u> <u>Wilson</u>, 390 F. App'x 174.  Therefore, Wilson's arguments concerning the inapplicability of the

Rooker-Feldman doctrine are essentially moot. They do not establish that the court should relieve Wilson of the judgment that has been entered—and affirmed by the Third Circuit on other grounds—in the above-captioned case.

The Third Circuit affirmed this court's judgment on the basis that, under the Younger abstention doctrine, this court should abstain from exercising jurisdiction over Wilson's case. The Younger abstention doctrine "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm. v. Garden Sstate Bar Ass'n, 457 U.S. 423, 431 (1982). Abstention under Younger is warranted when (1) there is a pending state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) the plaintiff has an adequate opportunity to raise his constitutional challenges in the state proceeding.[1] See id. at 432. The Third Circuit found all three factors present in Wilson's case. See Wilson, 390 F. App'x 174.

The undersigned concludes that Younger abstention remains the appropriate course of action for the court. Significantly, Wilson does not dispute that the circumstances warranting Younger abstention are present in the instant case, nor

---

[1] Abstention under Younger would not be appropriate if: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment; or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). Wilson has neither argued nor presented any evidence to show that any of these circumstances are present. The court therefore concludes that Younger exceptions are inapplicable to the instant litigation.

does he contend that the circumstances have changed since the time when the Third Circuit directed this court to abstain under <u>Younger</u>.[2]  Instead, Wilson focuses on the Supreme Court's holding in <u>Skinner v. Switzer</u>, --- U.S. ---, 131 S. Ct. 1289 (2011).  Wilson cites <u>Skinner</u> for the holding that Skinner's complaint satisfied the pleading requirements set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure, and therefore, it was "sufficient to cross the federal court's threshold[.]" (<u>See</u> Doc. 52 at 2, 9 (quoting <u>Skinner</u>, 131 S. Ct. at 1296).  Wilson argues that his complaint likewise satisfies Rule 8(a)(2), and therefore, this court should permit him to proceed with his case.  (<u>Id.</u> at 9).

The holding of <u>Skinner</u> does not compel this court to exercise jurisdiction over Wilson's claims.  Unlike the <u>Skinner</u> Court, this court never addressed the sufficiency of Wilson's complaint under Rule 8(a)(2), in reaching the judgment at issue, and it need not do so now.  Even if the court assumes, *arguendo*, that the allegations of Wilson's complaint are sufficient to state a claim, the court would nevertheless refrain from exercising jurisdiction over Wilson's case, in accordance with the <u>Younger</u> abstention doctrine, until the state concludes his bar admission proceedings.

The <u>Skinner</u> Court also held that the <u>Rooker-Feldman</u> doctrine did not bar Skinner's case.  This holding is of no consequence to the instant case.  As previously noted, the Third Circuit found <u>Rooker-Feldman</u> to be inapplicable to the instant

---

[2] For instance, Wilson has not informed this court that the state proceedings concerning his admission to the bar have concluded.  Nor has Wilson disputed his ability to raise his constitutional claims before the Pennsylvania Supreme Court.

case, but it nevertheless affirmed this court's judgment.  The Third Circuit directed

this court to abstain from exercising jurisdiction over Wilson's case, pursuant to

<u>Younger</u>.  Wilson's pending motion fails to establish that <u>Younger</u> is not applicable

to the instant case, or that any other circumstances entitle him to relief under

Rule 60.  The court will therefore deny the motion.

**IV.**   **<u>Conclusion</u>**

     For the aforementioned reasons, Wilson's motion (Doc. 52) will be denied.

An appropriate order will follow.

            S/ Christopher C. Conner
           CHRISTOPHER C. CONNER
           United States District Judge

Dated:     July 15, 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TONY A. WILSON,** | : | **CIVIL ACTION NO. 1:08-CV-2219** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **MARK S. DOWS**, | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 15th day of July, 2011, upon consideration of the Rule 60

motion (Doc. 52), filed *pro se* by plaintiff Tony A. Wilson, and for the reasons set

forth in the accompanying memorandum, it is hereby ORDERED that the motion

(Doc. 52) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge